# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| SHIRLEY LAVENDER, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:18-CV-2097 |
| DRIVELINE RETAIL MERCHANDISING, INC., | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiff's Motion for Leave to Substitute Class Representative and for Leave to File an Amended Class Action Complaint in Accordance with the Substitution (d/e 34).  Defendant objects, asserting that Defendant will be unfairly prejudiced if the Motion is granted and that Plaintiff unduly delayed filing the Motion.  Because Defendant has not shown undue delay or prejudice, the Motion is GRANTED.

# I. PROCEDURAL BACKGROUND

In April 2018, Plaintiff Shirley Lavender filed a Class Action Complaint (d/ 1) on behalf of herself and all others similarly situated against Defendant Driveline Retail Merchandising, Inc. Plaintiff alleges that her name, address, zip code, date of birth, wage and withholding information, and Social Security number, along with that of over 15,800 other employees of Defendant, were released by Defendant to an unknown third party. Defendant sent the affected employees a Notice of Data Breach and offered its employees 12 months of credit monitoring services through AllClear ID. See Compl. ¶¶ 9, 57 Ex. A (d/e 1-1). Plaintiff brings claims for negligence; invasion of privacy; breach of implied contract; breach of fiduciary duty; violations of the Illinois Personal Information Protection Act, 815 ILCS 530/1 et seq.; and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. Plaintiff seeks to represent a nationwide class defined as "[a]ll current and former Driveline employees whose [personally identifying information] was compromised as a result of the Data Disclosure." Compl. ¶ 63.

On June 4, 2018, Defendant filed its Answer to the Complaint (d/e 4). In July 2018, Magistrate Judge Tom Schanzle-Haskins entered a Scheduling Order (d/e 10) setting various deadlines, including January 7, 2019 as the deadline to join other parties or amend the pleadings. Id. ¶ 2. Discovery was set to close on August 2, 2019.

Defendant asserts in its response in opposition to the Motion for Leave that Defendant served written discovery on Plaintiff in November 2018. Plaintiff was deposed on February 22, 2019. In March 2019, Defendant served a second set of written discovery requests on Plaintiff. Plaintiff has identified three experts but has not provided expert reports on the merits. The deadline to provide expert reports expired June 10, 2019.

On April 8, 2019, Plaintiff filed her Motion for Class Certification (d/e 17). On June 3, 2019, Defendant filed an objection to Plaintiff's Motion for Class Certification (d/e 26). Defendant argued the Motion for Class Certification should be denied because (1) Plaintiff failed to satisfy Federal Rule of Civil Procedure 23(b)(3)'s predominance requirement; (2) Plaintiff is not an adequate class representative; (3) partial class certification is

unworkable; and (4) the injunctive relief Plaintiff seeks on behalf of the class is not appropriate. Resp. at 1. Regarding the adequacy of Plaintiff as a class representative, Defendant argued that she suffered a different injury from many members of the proposed class, her choice to bring the case in Illinois impermissibly limits potential class members' options, and she is subject to defenses distinct from other potential class members.

Defendant also argued that Plaintiff suffered from "major credibility issues which could well hijack the presentation of issues applicable to the class." Obj. at 29. Defendant pointed to Plaintiff's criminal history and alleged lies by Plaintiff at her deposition about her criminal history.

On July 12, 2019, Plaintiff filed her Motion for Leave to Substitute Class Representative and for Leave to File an Amended Class Action Complaint in Accordance with the Substitution at issue herein. Plaintiff originally sought to substitute two class representatives for Plaintiff. However, after Defendant filed its objections to the Motion for Leave, Plaintiff now only seeks to substitute Lynn McGlenn for Plaintiff Shirley Lavender.

The Court directed Plaintiff to file her proposed amended complaint for the Court's review pending a ruling on the Motion for Leave. The proposed amended complaint (d/e 39) reflects that Plaintiff seeks only to substitute Lynn McGlenn as a plaintiff and include specific information regarding McGlenn, such as her citizenship (¶ 1) and specific facts regarding the alleged harm she suffered following the disclosure of her personally identifiable information by Defendant (¶¶ 17, 18). This alleged harm includes that she was alerted that someone used her personally identifiable information to open a new credit card account with Capital One.

## II. JURISDICTION

Plaintiff invokes jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA). The CAFA provides federal courts with jurisdiction over certain class actions if the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (5)(B); Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 592 (2013). The claims of the individual class members are aggregated to determine whether the amount in controversy threshold is met. 28 U.S.C. § 1332(d)(6).

Plaintiff alleges that the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, that there are more than 100 class members, and that at least one class member is a citizen of a state different from Defendant. Compl. ¶ 3. Plaintiff is a citizen of Georgia. Id. Defendant has indicated that Defendant is a citizen of New Jersey and Texas because Defendant is incorporated in New Jersey and has its principal place of business in Texas. See Defendant Driveline Merchandising, Inc.'s Declaration of State of Incorporation and Principal Place of Business (d/e 42). Therefore, this Court has jurisdiction.

### III. LEGAL STANDARD

Generally, Federal Rule of Civil Procedure 15(a)(2) governs a request for leave to amend a pleading. Rule 15(a)(2) provides that the court "should freely give leave when justice so requires." Fed. R.Civ.P. 15(a)(2). A court should allow amendment unless the Court finds undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, or the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Where, however, the deadline to amend the pleadings in the scheduling order has expired, Rule 16(b)(4) governs and requires a showing of good cause to justify modifying the scheduling order. See Adams v. City of Indianapolis, 742 F.3d 720, 734 (7th Cir. 2014). The primary consideration when determining whether good cause exists is the diligence of the party seeking amendment. Alioto v. Town of Lisbon, 651 F.3d 715, 720 (7th Cir. 2011).

But Defendant does not mention Rule 16. Therefore, any argument that Rule 16 should apply in this case is forfeited. See Milligan v. Bd. of Trs. of S. Ill. Univ., 686 F.3d 378, 386 (7th Cir. 2012) ("holding that "the forfeiture doctrine applies not only to a litigant's failure to raise a general argument . . . but also to a litigant's failure to advance a specific point in support of a general argument"). The Court will limit its analysis, as the parties do, to Rule 15(a).[1]

---

[1] The parties do not discuss Randall v. Rolls-Royce Corp., 637 F.3d 818, 821 (7th Cir. 2011), where class certification was denied because the plaintiff's claims were not typical of the claims or defenses of the class. The Randall court held that substitution of a plaintiff after the denial of class certification was possible via permissive intervention, Rule 24(b). Id. Even if a motion to intervene were the appropriate vehicle here, the standard is the same, as the court must consider the undue delay or prejudice to the parties. Id. (citing Rule 24(b)(3)).

## IV. ANALYSIS

Defendant objects to Plaintiff's Motion for Leave, asserting that Defendant will be unfairly prejudiced and the Motion was filed with undue delay.[2] Alternatively, Defendant argues that, if the Motion is granted, the Court should (1) enter a new scheduling order; (2) deny the new plaintiff the opportunity to identify and/or produce expert reports on class certification and the merits; (3) grant Defendant 60 days from the date of the new scheduling order to identify and produce expert reports on class certification; (4) grant Defendant 120 days from the date of the new scheduling order to identify and produce expert reports on the merits, and (5) grant Defendant 25 additional interrogatories.

With regard to the alleged undue delay, Defendant argues that Plaintiff filed the Motion for Leave over a month past her deadline to produce expert reports and within a month of the discovery cutoff. According to Defendant, Plaintiff filed the Motion as a "last-ditch effort to save this case" after Defendant identified issues that

---

[2] Originally, Defendant also objected on the grounds that one of the proposed plaintiffs, Dayne Merrell, did not have her personally identifiable information disclosed, and Plaintiff failed to attach her proposed amended complaint to the Motion. Plaintiff has withdrawn Merrell as a proposed plaintiff and has since filed the proposed amended complaint.

establish that Plaintiff was not an adequate class representative. Defendant asserts that none of the matters Defendant raised were unknown to Plaintiff and should not have been a surprise to counsel.

Plaintiff asserts that her Motion for Leave was not filed with undue delay. Plaintiff asserts that the Motion was filed after Defendant challenged Plaintiff's credibility. Plaintiff's counsel needed time to review the allegations, discuss the issue with Plaintiff, identify potential substitute class representatives, and prepare the motion. Specifically, on June 10, 2019, after receiving Defendant's opposition to Plaintiff's Motion for Class Certification, Plaintiff contacted defense counsel to discuss the timing of a motion to substitute. Defendant would not consent to the substitution. On June 20, 2019, Plaintiff filed a Notice of Intent to file a motion to substitute. On July 12, 2019, Plaintiff filed the Motion.

Plaintiff stresses that the Motion for Leave was filed now out of an abundance of caution to act in the best interests of the class. Plaintiff asserts there was no basis to seek substitution after the deposition because the deposition evidenced that Plaintiff had a satisfactory knowledge of the claims. The issues raised by

Defendant now have nothing to do with the factual substance of the case. Plaintiff also denies that she lied about her criminal history and asserts that she answered the questions asked during the deposition. Plaintiff also disputes that she is not an adequate representative.

In general, motions for leave to amend are denied when they are filed well into the litigation and after extensive litigation. See Hoenig v. Karl Knauz Motors, Inc., 983 F.Supp.2d 952 (N.D. Ill. 2013). Here, although the case was filed in April 2018 and significant discovery has been conducted, the case is still in the early stages, as the Court has not yet ruled on class certification or any dispositive motions. In addition, Plaintiff filed the motion for leave to amend a little over a month after learning that Defendant was going to challenge Plaintiff's credibility. Under the particular facts of this case, the Court finds no undue delay.

Defendant also argues that allowing Plaintiff to substitute the class representative and amend the complaint would cause Defendant to be unduly prejudiced. Defendant asserts that the parties have engaged in litigation for nearly 15 months, Defendant has engaged in substantial discovery efforts on Plaintiff's claims,

and Defendant has developed its litigation strategy based on Plaintiff's position as class representative and the specific facts pertaining to Plaintiff.  Moreover, because Plaintiff was not the victim of identity theft, Defendant did not retain an identity theft expert.  However, the new putative plaintiff will apparently allege identity theft.

Plaintiff responds that the prejudice Defendant claims does not exist.  The only issue here is the adequacy of a single class representative versus another.  The fact that the substitute representative suffered a data breach is not a surprise to Defendant.  Plaintiff contends that there is no "new need" for an identity theft expert.  Defendant's own Data Breach Notice focused on the potential consequences of data breach and identified identity theft as a likely consequence.  Plaintiff asserts that she seeks to substitute a class representative to address the alleged credibility issues, not change litigation strategy.

The Court finds Defendant would not be unduly prejudiced by the amendment.  The only changes to the complaint are the substitution of a new plaintiff and information pertaining specifically to that plaintiff.  All other allegations remain the same.

Plaintiff is not adding any new claims. Therefore, the majority of the discovery that has occurred to date will still be relevant to the amended complaint.

Additional discovery is necessary regarding the new plaintiff. The Court will allow Defendant time to conduct that discovery, which will alleviate some of the prejudice. The Court refers this matter to the Magistrate Judge to enter a new scheduling order and address the issues Defendant raised about expert reports and additional interrogatories.

## V. CONCLUSION

For the reasons stated, Plaintiff's Motion for Leave to Substitute Class Representative and for Leave to File an Amended Class Action Complaint in Accordance with the Substitution (d/e 34) is GRANTED. Plaintiff shall file the Amended Class Action Complaint on or before September 11, 2019. The pending Motion for Class Certification (d/e 17) is DENIED AS MOOT with leave to refile. This matter is referred to Magistrate Judge Tom Schanzle-Haskins for the entry of a new scheduling order and to address the issues Defendant raised about expert reports and additional interrogatories.

**ENTERED: September 5, 2019**

**FOR THE COURT:**

                          *s/Sue E. Myerscough*
                      **SUE E. MYERSCOUGH**
                      **UNITED STATES DISTRICT JUDGE**