E-FILED
Thursday, 23 April, 2020 11:36:30 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| LYNN MCGLENN, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 18-cv-2097 |
| DRIVELINE RETAIL MERCHANDISING, INC., | ) ) ) | |
| Defendant. | ) ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Driveline Retail Merchandising, Inc.'s (Driveline) Motion to Compel Plaintiff Lynn McGlenn to Respond to Discovery (d/e 55) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

### BACKGROUND

Driveline provides retail merchandising services throughout the nation, including all fifty States, Washington DC, Puerto Rico, Virgin Islands, and Guam. Driveline sets up product displays and shelves products at big-box retail establishments. Driveline's principle place of business is in this District. Plaintiff Lynn McGlenn lives in Georgia and

formerly worked for Driveline.  See First Amended Class Action Complaint (d/e 44) (Amended Complaint) ¶¶ 1-2, 4.

On January 25, 2017, an as yet unknown person sent a phishing email (Phishing Email) to a Driveline employee in Driveline's payroll department.  The Phishing Email falsely identified the sender as Driveline's Chief Financial Officer.  The Phishing Email asked the Driveline employee to send a copy of the W-2 information for Driveline employees for the 2016 tax year.  The Driveline employee complied, believing he or she was sending the information to Driveline.  As a result, the unknown person who sent the Phishing Email received the 2016 W-2 information for 15,878 Driveline employees in 2016, including names, addresses, Social Security Numbers, and other Personal Identifying Information (sometimes called PII).  See Amended Complaint ¶¶ 13-16, 6; Defendant's Objection to Plaintiff's Renewed Motion for Class Certification (With Supporting Memorandum) (d/e 54) (Class Certification Objection), at 1.

McGlenn alleges six claims on behalf of herself and all affected current and former Driveline employees. Excluded from the classes are officers, directors and legal representatives of Driveline and the judges and court personnel to whom this case may be assigned and any members of their immediate families. (Proposed Class or Class).  Amended Complaint

¶ 63-64.  She alleges claims for negligence (Count I); invasion of privacy (Count II); breach of implied contract (Count III); breach of fiduciary duty (Count IV); violation of the Illinois Personal Information Protection Act, 815 ILCS 530/1 et seq. (Count V); and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. (Count VI). McGlenn alleges that the amount in controversy exceeds $5,000,000.00. Amended Complaint ¶ 3.

McGlenn alleges that she and the Proposed Class suffered several types of damage.   Driveline sent out a notice letter (Notice) to the Proposed Class on February 14, 2017.  McGlenn alleges that shortly after receiving the Notice, she learned that someone used her Personal Identifying Information to open a credit card account with Capitol One Bank.  McGlenn alleges that she spent 10 hours closing the fraudulent account.  McGlenn further put a freeze on her credit report.  She alleges that she spends time weekly reviewing her credit report.  Amended Complaint ¶¶ 17-19.

McGlenn further alleges that she and the other members of the Proposed Class of Driveline "are now, and for the rest of their lives will be, at a heightened risk of further identity theft and fraud." Amended Complaint ¶ 20.  She alleges numerous other damages from the January 25, 2017

Phishing Email.  McGlenn refers to the January 25, 2017, Phishing Email

event in the Amended Complaint as the Data Disclosure.  McGlenn alleges

that she and the Proposed Class have suffered damages from:

a. Unauthorized use and misuse of their PII;

b. The loss of the opportunity to control how their PII is used;

c. The diminution in value of their PII;

d. The compromise, publication and/or theft of their PII;

e. Out-of-pocket costs associated with the prevention, detection, recovery and remediation from identity theft or fraud;

f. Lost opportunity costs and lost wages associated with effort expended and the loss of productivity from addressing and attempting to mitigate the actual and future consequences of the Data Disclosure, including but not limited to efforts spent researching how to prevent, detect, contest and recover from identity theft and fraud;

g. Delay in receipt of tax refund monies;

h. Lost opportunity and benefits of electronically filing of income tax returns;

i. The imminent and certain impending injury flowing from potential fraud and identity theft posed by their PII being placed in the hands of criminals;

j. The continued risk to their PII, which remains in the possession of Driveline and is subject to further breaches so long as Driveline fail to undertake appropriate measures to protect the PII in their possession; and

k. Current and future costs in terms of time, effort and money that will be expended to prevent, detect, contest, remediate and

repair the impact of the Data Disclosure for the remainder of the lives of Plaintiff and Class members.

<u>Amended Complaint</u> ¶ 58.  McGlenn further alleges:

As a direct and proximate result of Driveline's wrongful actions and inaction and the resulting Data Disclosure, Plaintiff and Class members have been placed at an imminent, immediate, and continuing increased risk of harm from identity theft and identity fraud, requiring them to take the time which they otherwise would have dedicated to other life demands such as work and effort to mitigate the actual and potential impact of the Data Disclosure reach on their lives including, inter alia, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, closely reviewing and monitoring their credit reports and accounts for unauthorized activity, and filing police reports. This time has been lost forever and cannot be recaptured.

<u>Amended Complaint</u> ¶ 59.  McGlenn alleges:

As a result of Driveline's negligence, Plaintiff and the Class members have suffered and will continue to suffer damages and injury including, but not limited to: identity theft, out-of-pocket expenses associated with addressing false tax returns filed; current and future out-of-pocket costs in connection with preparing and filing tax returns; loss or delay of tax refunds as a result of fraudulently filed tax returns; out-of-pocket expenses associated with procuring robust identity protection and restoration services; increased risk of future identity theft and fraud, and the costs associated therewith; and time spent monitoring, addressing and correcting the current and future consequences of the Data Disclosure.

<u>Amended Complaint</u> ¶ 98.  McGlenn alleges:

As a direct and proximate result of Driveline's breach of its implied contacts with Plaintiff and Class members, Plaintiff and Class members have suffered and will suffer injury, including

but not limited to: (i) the loss of the control over how their PII is used and who has access to same; (ii) the compromise, publication, and/or theft of their PII; (iii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (iv) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Disclosure, including but not limited to efforts spent researching how to prevent, detect, contest and recover from tax fraud and identity theft; (v) costs associated with placing freezes on credit reports; (vi) the continued risk to their PII, which remain in Driveline possession and is subject to further unauthorized disclosures so long as Driveline fails to undertake appropriate and adequate measures to protect the PII of employees and former employees in its continued possession; and, (vii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest, and repair the impact of the PII compromised as a result of the Data Disclosure for the remainder of the lives of Plaintiff and Class members.

Amended Complaint ¶ 116.

On October 16, 2019, Driveline served McGlenn with interrogatories and requests for production of documents.  Motion, Exhibit 1, Defendants First Set of Discovery Requests to Plaintiff Lynn McGlenn (Discovery Request).  McGlenn objected to some of the discovery requests and Driveline found some responses inadequate.  The parties have attempted to resolve their disagreements, but disputes remain regarding certain interrogatories and requests to produce.

ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.  The information sought must also be proportional to the needs of the case.  The Rule gives the district courts broad discretion in matters relating to discovery.  See Brown Bey v. United States, 720 F.2d 467, 470 471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).   "[I]f there is an objection the discovery goes beyond material relevant to the parties' claims or defenses, the Court would become involved to determine whether the discovery is relevant to the claims or defenses and, if not, whether good cause exists for authorizing it so long as it is relevant to the subject matter of the action.  The good-cause standard warranting broader discovery is meant to be flexible."   Federal

Rule of Civil Procedure 26(b)(1) Advisory Committee Notes, 2000 Amendment.

The federal discovery rules are to be construed broadly and liberally. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jefferys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D .Pa. 1999).  The party opposing discovery has the burden of proving that the requested discovery should be disallowed.  Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

District Courts have broad discretion in discovery matters.  Packman v. Chicago Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001).  The Court may limit the frequency or extent of discovery if:  the discovery is unreasonably cumulative or duplicative, or can be secured from a more convenient and less expensive source; the party seeking discovery has had ample opportunity to conduct discovery; or if the proposed discovery is outside the scope of discovery permitted by Rule 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C). We are talking about discovery, not admissibility at trial.

Driveline has filed this Motion to compel responses to the remaining discovery requests in dispute:  Interrogatories 4, 5, 6, 14, and 15; and

Production Requests 8, 9, 10, 11, 12, 19 and 21.  Interrogatories 4, 5, and

6, and Production Requests 8, 9, 10, and 11 relate to information related to

McGlenn's income taxes and related matters (Tax Discovery Requests).

Interrogatories 14 and 15 and Production Requests 19, and 21 relate to

information regarding McGlenn's credit scores, credit reports, and other

related matters (Credit Discovery Requests).  Production Request 12 is a

request for all documents related to interrogatory answers.  The Court

addresses the Tax Discovery Requests first and then the Credit Discovery

Requests.   The Court will address Production Request 12 last.

Interrogatory 4

Interrogatory 4 asked:

**INTERROGATORY NO. 4:**   Describe any and all efforts You,
Your agent(s), tax preparer(s), and/or certified public
accountant(s) took to file each annual tax return, which includes
obtaining a refund or making payment, including but not limited
to Your state and federal tax return (e.g. Internal Revenue
Service ("IRS") Form 1040or 1040 EZ and any applicable
Schedules, North Carolina Department of Revenue forms, state
tax forms, or similar forms) from January 1, 2012 to present,
including but not limited to who, when, and where tax returns
were prepared; who, when, how, and where tax forms were
filed.

Discovery Request, at 9.  McGlenn responded:

Objection:
Because Plaintiff has not made any allegations regarding her
tax returns, this interrogatory is not relevant to any party's
claims or defenses and not likely to lead to relevant information.

Additionally, because Plaintiff has not made any allegations regarding her tax returns, this interrogatory seeks private and confidential financial information not at issue in this case and, thus, is a breach of privacy rights. Further objection on the basis that use of the phrase "any and all" and the inclusion of third parties renders this interrogatory overbroad, unduly burdensome and not proportional to the needs of the case.

**ANSWER:**
Other than the receipt of tax documents or tax refunds, I have not had written or oral communications with the IRS from January 1, 2012, to present.

Motion, Exhibit 2, Plaintiff Lynn McGlenn's Responses to Defendant's First Set of Discovery Requests  (Discovery Response), at 4.  During the parties' efforts to resolve disputes, Driveline limited the timeframe for Interrogatories 14, 15 and Production Requests 19 and 21 to the period January 1, 2015 to the present.  Motion, at 7.  The Court modifies all interrogatories and production requests at issue which contain a timeframe of January 1, 2012 to present, to change the timeframe of each such interrogatory and production request to January 1, 2015, to present.  The Court finds that two years prior to the January 25, 2017 Phishing Email is sufficient to provide relevant information and is proportionate to the needs of the case.

With the timeframe modified to January 1, 2015 to present, McGlenn's relevance objection is overruled.  McGlenn alleges that she and the Proposed Class suffer injuries by incurring "current and future out-of-

pocket costs in connection with preparing and filing tax returns ." <u>Amended</u> <u>Complaint</u> ¶ 98.  McGlenn further alleges that she and the Proposed Class suffer injuries due to, "Delay in receipt of tax refund monies," and "out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII." <u>Amended Complaint</u> ¶¶ 58, 116.  The interrogatory seeks information directly related to these damages allegations.  Driveline's Interrogatory 4 requests relevant information.

McGlenn states that the interrogatory is unduly burdensome because she already testified that she did not experience any problems with her 2016 tax return.  <u>See</u> <u>Plaintiff's Opposition to Defendant's Motion to</u> <u>Compel (Dkt. 55) (d/e 58) (Opposition)</u>, Exhibit1, <u>Excerpts of Deposition of</u> <u>Lynn McGlenn (d/e 60) (McGlenn Deposition Excerpts)</u>, at 147-48.  The interrogatory asks for information related to the costs and effort incurred to prepare tax returns. The McGlenn Deposition Excerpts do not contain any testimony about her efforts and costs to file tax returns.  McGlenn alleges in the Amended Complaint, however, that she suffered damages by incurring increased costs.  If McGlenn effectively waived all personal claims related to her taxes, tax refunds, tax fraud, and tax preparation, then this information might not be relevant, but she did not make such a waiver in

her deposition testimony.  The request for the information is directly relevant to her allegation quoted above.

McGlenn complains that the requested information is highly confidential tax information.  She argues that requiring disclosure would be unduly burdensome.  This Court must consider whether discovery requests are proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Tax returns are highly confidential material and ordering disclosure of such material should be limited.  See F.S.L.I.C. v. Krueger, 55 F.R.D. 512, 51`4-15 (N.D. Ill. 1972).  McGlenn, however, alleges that the amount in controversy in this case exceeds $5,000,000.00.  Amended Complaint ¶ 3.  A $5 million case merits extensive discovery.  Moreover, McGlenn has put this matter at issue by alleging that she has suffered damages due to increased costs in tax preparation.  Because McGlenn has put the matter at issue, and because of the amount in controversy, Driveline is entitled to ask this interrogatory to explore McGlenn's allegations and prepare its defense.

McGlenn must answer Interrogatory 4 in full and provide the requested detailed information requested in Interrogatory 4 from January 1, 2015 to present, including information concerning preparation and submission of tax returns and refund requests.  McGlenn can designate her response as confidential information subject to the Protective Order (d/e

16) already in place.  The Court finds subjecting the answer to the

Protective Order will adequately address McGlenn's concerns regarding

disclosure and use of information contained in the answer.

Interrogatory 5

Interrogatory 5 asks:

**INTERROGATORY NO. 5:**   Describe any and all instances that you Communicated, whether written or oral Communication, with the IRS, including but not limited to who you communicated with or spoke to, the date of the Communication(s) and the contents of the Communication(s) from January 1, 2012, to present.

Discovery Request, at 9.  McGlenn responded:

Objection:
Because Plaintiff has not made any allegations regarding her tax returns, this interrogatory is not relevant to any party's claims or defenses and not likely to lead to relevant information. Additionally, because Plaintiff has not made any allegations regarding her tax returns, this interrogatory seeks private and confidential information not at issue in this case and, thus, is a breach of privacy rights. The use of the phrase "any and all" particularly without limiting the scope or nature of the Communications renders this Interrogatory overbroad and unduly burdensome and not proportional to the needs of the case.

**ANSWER:**
Other than the receipt of tax documents or tax refunds, I have not had written or oral communications with the IRS from January 1, 2012, to present.

Discovery Response, at 4-5.  For the reasons set forth with respect to

Interrogatory 4, McGlenn must answer Interrogatory 5 in full, except that

the Court modifies the timeframe to January 1, 2015, to present.  McGlenn

alleges that she and the Proposed Class suffered injuries "Delay in receipt

of tax refund monies," and "out-of-pocket expenses associated with the

prevention, detection, and recovery from identity theft, tax fraud, and/or

unauthorized use of their PII." Amended Complaint ¶¶ 58, 116; see also

Amended Complaint ¶ 98.  McGlenn has testified in her deposition that she

has not had any delays or problems with her 2016 tax return.  See

McGlenn Deposition Excerpts, at 147-48, 159.  McGlenn, however, did not

discuss her 2015, 2017, 2018, or 2019 tax returns.  McGlenn must provide

answers regarding the "tax documents" or "tax refunds" she received.

Driveline is entitled to discover information about all these tax years, not

just 2016.  McGlenn can designate her response as confidential information

subject to the Protective Order.  The Court finds subjecting the answer to

the Protective Order will adequately address McGlenn's concerns

regarding disclosure and use of information contained in the answer.

Interrogatory 6

Interrogatory 6 asks:

**INTERROGATORY NO. 6:**   Describe any and all in-person
meetings, visits, or Communications you have had with the IRS,
including the date(s), who You spoke to and/or who witnessed
the in-person meeting(s), visit(s) or Communication(s), the
purpose of the in-person meeting(s), visit(s) or

Communication(s), and the contents of the Communication(s)
from January 1, 2012 to present.

<u>Discovery Request</u>, at 9-10.  McGlenn responded:

> Objection:
> Because Plaintiff has not made any allegations regarding her
> tax returns, this interrogatory is not relevant to any party's
> claims or defenses and not likely to lead to relevant information.
> Additionally, because Plaintiff has not made any allegations
> regarding her tax returns, this interrogatory seeks private and
> confidential information not at issue in this case and, thus, is a
> breach of privacy rights. The use of the phrase "any and all"
> particularly without limiting the scope or nature of the
> Communications renders this Interrogatory overbroad and
> unduly burdensome and not proportional to the needs of the
> case. Objection as to the inclusion of third parties "who
> witnessed" the referenced Communications as  answering
> would require Plaintiff to speculate and to have knowledge
> beyond her control.
>
> **<u>ANSWER</u>:**
> Other than the receipt of tax documents or tax refunds, I have
> not had written or oral communications with the IRS from
> January 1, 2012, to present.

<u>Discovery Response</u>, at 5-6.  McGlenn answered the Interrogatory.  She

had no in-person meetings, visits, or Communications with IRS

representatives.  The Court sees no basis to order any additional response

to this Interrogatory.

<u>Production Request 8</u>

Production Request 8 asks:

> **<u>REQUEST FOR PRODUCTION NO. 8</u>:**  Produce all
> Documents and Records including but not limited to Writings,

Statements, notes, sketches, drawings, videos, photographs,
Communications, and correspondence between You and the
IRS from January 1, 2012 to present.

Discovery Request, at 10.  McGlenn responded:

Objection:
Given the time period specified, this Interrogatory seeks
information not relevant to any party's claims or defenses and
not likely to lead to relevant information. Additionally, this
interrogatory seeks private and confidential financial information
not at issue in this case and, thus, is a breach of privacy rights.
Further objection on the basis that lack of scope for the
Communications and document requested renders this
interrogatory overbroad, unduly burdensome and not
proportional to the needs of the case.


**RESPONSE:**
I am not aware of any issues with the IRS because of the
Driveline Data Breach and so have no such documents.

Discovery Response, at 16.  The Court modifies the timeframe of the

interrogatory to January 1, 2015, to present.

For the reasons discussed above, McGlenn must produce all

responsive documents from the modified timeframe.  Her tax returns and

refunds will be relevant to her alleged claims. She alleges current and

future out of pocket expenses for preparing and filing tax returns and loss

or delay of tax refunds.  Given the Plaintiff alleges the amount at stake in

this case exceeds $5,000,000.00, the request for production of such

documents is proportional to the needs of the case.   McGlenn can

designate her response as confidential information subject to the Protective Order (d/e 16).  The Court finds subjecting the responsive documents to the Protective Order will adequately address McGlenn's concerns regarding disclosure and use of information contained in the documents.

The one excepted document is the document referenced in her deposition.  McGlenn testified in her deposition that she had one document from the IRS consisting of a statement about taxes owed.  McGlenn Deposition Excerpts, at 159.  Given the highly confidential nature of tax information, McGlenn should not be required to produce documents that are unrelated to the allegations in this case; however, Driveline should not be required to rely on McGlenn's  characterization of the document.  The Court, therefore, directs McGlenn to provide the Court for in camera inspection a copy of the communication she mentioned in her deposition. The Court will review the document and determine whether the document should be produced to the Defendant.

Production Request 9

> **REQUEST FOR PRODUCTION NO. 9:**  Produce all Documents, Writings, Statements, Communications, correspondence, and/or Record of refunds referring or relating in any way to You and/or Your agent, tax preparer, and/or certified public accountant preparing Your tax return, annual tax return, including but not limited to Your state and federal tax return (e.g. IRS Form 1040 or 1040 EZ and any applicable

Schedules, or GDOL Form 500 or Form 500EZ, other state tax forms, or similar forms) from January 1, 2012, to present.

Discovery Request, at 15-16.  McGlenn responded:

Objection:
Because Plaintiff has not made any allegations regarding her tax returns, this interrogatory is not relevant to any party's claims or defenses and not likely to lead to relevant information. Additionally, because Plaintiff has not made any allegations regarding her tax returns, this interrogatory seeks private and confidential information not at issue in this case and, thus, is a breach of privacy rights. The use of the phrase "any and all" particularly without limiting the scope or nature of the Communications renders this Interrogatory overbroad and unduly burdensome and not proportional to the needs of the case.

**RESPONSE:**
I am not aware of any issues with the IRS because of the Driveline Data Breach and so have no such documents.

Discovery Response, at 17.  The Court modifies the timeframe of the interrogatory to January 1, 2015, to present.

For the reasons set forth above, McGlenn must provide the requested documents.  The documents sought are related to the alleged damages quoted and discussed above.  McGlenn can designate her response as confidential information subject to the Protective Order.  The Court finds subjecting the responsive documents to the Protective Order will adequately address McGlenn's concerns regarding disclosure and use of information contained in the documents.

Production Request 10

Production Request 10 asks:

**REQUEST FOR PRODUCTION NO. 10:**   Produce all
Documents, Writings, Statements, Communications,
correspondence, and/or record of refunds referring or relating in
any way to You and/or Your agent, tax preparer, and/or certified
public accountant filing Your tax return, annual tax return,
including but not limited to Your state and federal tax return
(e.g. IRS Form 1040 or 1040 EZ and any applicable Schedules,
or GDOL Form 500 or Form 500EZ, other state tax forms, or
similar forms) from January 1, 2012 to present.

Discovery Request, at 16.  McGlenn responded:

Objection:
Because Plaintiff has not made any allegations regarding her
tax returns, this interrogatory is not relevant to any party's
claims or defenses and not likely to lead to relevant information.
Additionally, because Plaintiff has not made any allegations
regarding her tax returns, this interrogatory seeks private and
confidential information not at issue in this case and, thus, is a
breach of privacy rights. The use of the phrase "any and all"
particularly without limiting the scope or nature of the
Communications renders this Interrogatory overbroad and
unduly burdensome and not proportional to the needs of the
case.

**RESPONSE:**
I am not aware of any issues with the IRS because of the
Driveline Data Breach and so have no such documents.

Discovery Response, at 17-18.  The Court modifies the timeframe of the

interrogatory to January 1, 2015 to present.

For the reasons set forth above, McGlenn must provide the requested

documents.  The documents are related to the alleged damages quoted

and discussed above.  McGlenn can designate her response as

confidential information subject to the Protective Order.  The Court finds

subjecting the answer to the Protective Order will adequately address

McGlenn's concerns regarding disclosure and use of information contained

in the response.

Production Request 11

Production Request 11 asks:

**REQUEST FOR PRODUCTION NO. 11:**    Produce all
Documents, Writings, Statements, Communications,
correspondence, and/or records of refunds referring or relating
in any way to You and/or Your agent, tax preparer, and/or
certified public accountant obtaining and/or receiving, or
attempting to obtain and/or attempting to receive a tax refund
from the IRS and/or the state(s) where You filed a state tax
return (e.g. IRS Form 1040 or 1040 EZ and any applicable
Schedules, or North Carolina state tax forms, other state tax
forms, or similar forms) from January 1, 2012 to present.

Discovery Request, at 16.  McGlenn responded:

Objection:
Because Plaintiff has not made any allegations regarding her
tax returns, this interrogatory is not relevant to any party's
claims or defenses and not likely to lead to relevant information.
Additionally, because Plaintiff has not made any allegations
regarding her tax returns, this interrogatory seeks private and
confidential information not at issue in this case and, thus, is a
breach of privacy rights. The use of the phrase "any and all"
particularly without limiting the scope or nature of the
Communications renders this Interrogatory overbroad and
unduly burdensome and not proportional to the needs of the
case.

**RESPONSE:**
I am not aware of any issues with the IRS because of the
Driveline data Breach and so have no such documents.

Discovery Response, at 18-19.  The Court modifies the timeframe of the

interrogatory to January 1, 2015 to present.

For the reasons set forth above, McGlenn must provide the requested

documents.  The documents are related to the alleged damages quoted

and discussed above.  McGlenn can designate her response as

confidential information subject to the Protective Order.  The Court finds

subjecting the response documents to the Protective Order will adequately

address McGlenn's concerns regarding disclosure and use of information

contained in the documents.

Credit Discovery Requests

Interrogatory 14

Interrogatory 14 asks:

**INTERROGATORY NO. 14:** Identify each and every credit
application You applied for using Your PII from January 1,
2012, to present, including the name of the credit card company
or bank, the date of application, names of additional signors,
and the credit card processor.

Discovery Request, at 11.  McGlenn responded:

Objection:
Given the time period specified, this Interrogatory seeks
information not relevant to any party's claims or defenses and
not likely to lead to relevant information. Additionally, this

interrogatory seeks private and confidential financial information not at issue in this case and, thus, is a breach of privacy rights. Further objection on the basis that use of the phrase "each and every" and the time period specified renders this interrogatory overbroad, unduly burdensome and not proportional to the needs of the case. The use of the term "credit application" within the context of the remainder of this Interrogatory renders it vague and ambiguous.  Plaintiff is uncertain as to whether Defendant is seeking only applications for credit cards or other forms of credit. Further, Plaintiff does not understand what is meant by "credit card processor." Given this ambiguity, Plaintiff is unable to answer this Interrogatory as phrased.

Discovery Response, at 10-11.  Driveline agreed to modify the timeframe of

the interrogatory to January 1, 2015, to present.

With the timeframe modified, the relevance objection is overruled.

McGlenn alleges specifically that shortly after she received the Notice, she

determined that someone secured a Capitol One credit card in her name.

She further alleged that she had been forced to check her credit report

weekly.  She alleged that she was required to put a freeze on her credit

report.  Amended Complaint ¶ 19.  McGlenn further alleged that she and

the Proposed Class are

at an imminent, immediate, and continuing increased risk of harm from identity theft and identity fraud, requiring . . . them to mitigate the actual and potential impact of the Data Disclosure breach on their lives including, inter alia, by placing "freezes" and "alerts" with credit reporting agencies, contacting their financial institutions, closing or modifying financial accounts, closely reviewing and monitoring their credit reports and accounts for unauthorized activity, and filing police reports. . . .

Amended Complaint ¶ 59.  McGlenn claims that Driveline has injured her by putting her credit at risk through identity theft.  Her ability to get credit is clearly relevant to this alleged injury.  Information about her credit applications are, therefore, relevant to her alleged damages.  McGlenn claims that she suffered damage to her credit by the false Capitol One credit card account, and further suffers damage by incurring costs to monitor her credit reports for identity theft.  See Amended Complaint ¶¶ 17-20.  The relevance objection is overruled.

McGlenn's vagueness objections are allowed in part.  The Court, in its discretion, clarifies the interrogatory to resolve part of McGlenn's vagueness objections.  The Court determines that a credit application is a written or electronic application for credit submitted to any entity or person after January 1, 2015.  The term "each and every" means all written or electronic applications for credit submitted to any entity or person after January 1, 2015.  The request is limited in time and is not overly broad and unduly burdensome.  The term "credit processor" is not clear to the Court or McGlenn.  McGlenn is not required to respond and identify the credit processor associated with any credit application.

Interrogatory 15

Interrogatory 15 asks:

**INTERROGATORY NO. 15:** Identify each and every credit card You have used from January 1, 2012 to present, including the name of the credit card company or bank, the date of application, names of additional signors, the credit card processor, the application date, whether the credit card is still open, and the date of the last use of the credit card.

Discovery Request, at 11. McGlenn responded:

> Objection:
> Given the time period specified, this Interrogatory seeks information not relevant to any party's claims or defenses and not likely to lead to relevant information. Additionally, this interrogatory seeks private and confidential financial information not at issue in this case and, thus, is a breach of privacy rights. Further, Plaintiff does not understand what is meant by "credit card processor."

Discovery Response, at 11.  Driveline agreed to modify the timeframe in this production request to January 1, 2015 to the present.  As discussed above, McGlenn claims Driveline's wrongful conduct subjected her to damages by creating a risk of injury to her credit through identity theft. Driveline is entitled to seek information about the status of McGlenn's credit to ascertain the nature and scope of the alleged harm created by Driveline. The requested evidence is relevant.  She argues that she answered this interrogatory at the deposition.  McGlenn testified that she had two credit cards at the time of the deposition.  McGlenn Deposition Excerpts, at 119. She did not testify that those two were the only credit cards she has had since January 1, 2015.  McGlenn's relevance objection is overruled.  For

the reasons discussed above, McGlenn is not required to identify the credit

card processor.

Production Request 19

Production 19 asks:

**REQUEST FOR PRODUCTION NO. 19:**  Execute and produce
the "Credit Report Authorization and Release" attached as
Exhibit A.

Discovery Request, at 17.  McGlenn responded:

Objection:
Overbroad, unduly burdensome. Not relevant; not likely to lead
to relevant information; seeks private and confidential financial
information and so is a breach of privacy rights.

Discovery Response, at 22.  The objection is overruled.  McGlenn claims

that Driveline wrongfully injured her by putting her credit at risk through

identity theft.  Driveline is entitled to discover the effect of its actions on her

credit.  There is no breach of privacy because McGlenn put at issue the

impact of Driveline's actions on her credit.  The signed Credit Report

Authorization and Release and McGlenn's credit reports would be

confidential information subject to the Protective Order (d/e 16).  The Court

finds subjecting McGlenn's credit reports to the Protective Order will

adequately address McGlenn's concerns regarding disclosure and use of

information contained in the credit report.

Production Request 21

Production Request 21 asks:

**REQUEST FOR PRODUCTION NO. 21:**     Produce all credit
reports with Your PII, which You obtained from January 1,
2012, to present.

Discovery Request, at 17-18.

Objection:
Given the time period specified, this Request for Production
seeks information not relevant to any party's claims or defenses
and not likely to lead to relevant information. Additionally, this
Request for Production seeks private and confidential financial
information not at issue in this case and, thus, is a breach of
privacy rights.

Discovery Response, at 23.  Driveline agreed to modify the timeframe of

this production request to January 1, 2015, to present.

The objection is overruled.  McGlenn alleged that she has been

forced to check her credit report weekly.  Driveline is entitled to discover

any evidence of that allegation.  The request back to 2015 is reasonable to

test whether McGlenn obtained credit reports regularly before the January

25, 2017 Phishing Email.  McGlenn testified that she used Credit Karma to

monitor her credit.  See Class Certification Objection, at 7, and McGlenn

Deposition, at 113.[1] If she did not download any copies of her credit report

---

[1] Page 113 of McGlenn's deposition is attached to the Class Certification Objection, but not to the Motion
or the Opposition.

or did not print any copies, she will not have any documents to produce.   If

she printed the reports or saved an electronic copy of the reports, however,

she must produce those documents.  Again, this is not an intrusion into her

privacy.  She put the matter at issue and Driveline is entitled to discover the

information that exists relevant to the allegation.  McGlenn's credit reports

would be confidential information subject to the Protective Order (d/e 16).

The Court finds subjecting the credit report to the Protective Order will

adequately address McGlenn's concerns regarding disclosure and use of

information contained in the credit report.

Production Request 12

>   Production Request 12 asks:

>   **REQUEST FOR PRODUCTION NO. 12:** Produce all
>   Documents and Records including but not limited to contracts,
>   agreements, proposals, Writings, Statements, notes, sketches,
>   drawings, videos, photographs, Communications, and
>   correspondence identified, referenced, relied on, and/or cited in
>   Your responses to The First Set of Interrogatories.

Discovery Request, at 16.  McGlenn responded:

>   Objection:

>   **RESPONSE:**
>   A copy of the Charlotte Metro Credit Union letter is attached.

Discovery Response, at 19.  McGlenn did not state any reason for her

"Objection;" to Production Request 12.  The Court has directed McGlenn to

provide additional answers to interrogatories.  McGlenn must produce any additional documents responsive to Production Request 12 as a result of the supplemental answers ordered by this Court.  As discussed above, the information would be adequately protected by the Protective Order.

The additional discovery ordered by this Opinion may be subject to claims of privilege.  Should McGlenn withhold any information or documents on claims of privilege, she must include a privilege log with her response that meets the requirements of Federal Rule of Civil Procedure 26(b)(5)(A).

The Court allowed Driveline's Motion in part.  The Court may apportion the costs and expenses incurred for bringing and opposing the Motion.  Fed. R. Civ. P. 37(a)(5)(C).  The Court, in its discretion, declines to apportion expenses.  Each party will bear her or its expenses incurred in connection with this Motion.

THEREFORE, IT IS ORDERED that Driveline Retail Merchandising, Inc.'s Motion to Compel Plaintiff Lynn McGlenn to Respond to Discovery (d/e 55) is ALLOWED in part and DENIED in part.  Plaintiff McGlenn is ordered to serve the additional answers to interrogatories and produce the

additional documents ordered herein, including any privilege log for documents or information withheld on a claim of privilege, by May 16, 2020.

ENTER:   April 23, 2020

s/ *Tom Schanzle-Haskins*

TOM SCHANZLE-HASKINS

UNITED STATES MAGISTRATE JUDGE