IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| LYNN McGLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-2097 |
| | ) |
| DRIVELINE RETAIL MERCHANDISING, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Lynn McGlenn's Objection to Defendant's Notice of Issuance of Subpoena in a Civil Case (d/e 79) (Objection). For the reasons set forth below, the Objection is DENIED for lack of standing.

## BACKGROUND

McGlenn alleges claims against Defendant Driveline Retail Merchandising, Inc. (Driveline), arising from an incident in which a successful phishing email resulted in the disclosure of personally identifying information of Driveline's employees, including McGlenn. See Amended Complaint (d/e 44), ¶¶ 14.

McGlenn disclosed Kevin Mitnick as her expert witness. Mitnick is the Chief Hacking Officer of a company called KnowBe4. KnowBe4 provides security awareness training services to companies to train employees to identify and foil hacking efforts such as phishing emails. Driveline issued a subpoena (Subpoena) to KnowBe4 directing it to produce the following documents:

> Produce all Documents or records that show studies, assessments, training impact or other measuring data that reflect on the effectiveness or success or failure rate of the Kevin Mitnick Security Awareness Training advertised at:
>
> https://www.knowbe4.com/products/kevin-mitnick-security-awareness-training/.
>
> By way of example, this subpoena seeks all the underlying data collected to create the chart published at:
>
> https://www.knowbe4.com/visible-proof-the-knowbe4-system-works/
>
> and the underlying data collected to create your Phishing by Industry Benchmarking Report advertised at:
>
> https://info.knowbe4.com/phishing-by-industry-benchmarking-report
>
> * * *
>
> For purposes of this subpoena, the word "Documents" includes, but is not limited to, any kind of written, recorded or graphic matter, whether produced, reproduced or stored on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, of any kind or description, whether sent or received or neither, including, without limitation: originals, copies (with and without notes or changes therein)

>and drafts including, without limitation: papers, books, letters, photographs, objects, tangible things, correspondence, correspondence between defendants, telegrams, cables, telex messages, mailgrams, memoranda (interoffice and otherwise), notes, notations, work papers, policy statements, transcripts, minutes, reports and recordings of telephone or other conversations, or of interviews, conferences, or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, data, evaluations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer printouts, data processing input and output, microfilms, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing however denominated.

Notice of Issuance of Subpoena in a Civil Case [77], Exhibit 1, Subpoena Appendix A. McGlenn objects to the Subpoena on the following grounds:

>As grounds for her objection, Plaintiff states that Defendant's request for the data underlying the marketing and promotional materials on KnowBe4's website is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to discovery of admissible evidence.

Objection, at 2.

## ANALYSIS

McGlenn lacks standing to raise her objections to the Subpoena. To have standing, McGlenn must have a personal right or privilege that would be affected by the disclosure of the material subjected to the Subpoena. See Parker v. Four Seasons Hotels, Ltd., 291 F.R.D. 181, 187 (N.D. Ill. 2013); Coleman v. City of Peoria, 2016 WL 3974005, at *3 (C.D. Ill. July 22, 2016). McGlenn must show that the material sought is protected by

attorney work product or attorney-client privilege, would interfere with her business relationships, or was personal information about McGlenn. See Parker, 291 F.R.D. at 187; see also Terry v. Woller, 2010 WL 1158011, at *1 C.D. Ill. May 6, 2010). McGlenn asserts none of these grounds as a basis for her Objection. She therefore lacks standing.

The subpoenaed party KnowBe4 must raise the objections that McGlenn seeks to raise, that the Subpoena is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to discovery of admissible evidence. Id. In addition, KnowBe4 must raise such objections by motion in the District where compliance is required. Fed. R. Civ. P. 45(d)(3)(a).

Driveline states that KnowBe4 has done so and put the Subpoena at issue in the Middle District of Florida District Court in Florida where compliance is required. Defendant's Response to Plaintiffs' Objection to Defendant's Notice of Issuance of Subpoena in a Civil Case (d/e 80), at 4. That Court currently has jurisdiction to resolve issues regarding the Subpoena. See Fed. R. Civ. P. 45(d)(3), and 45(g). This Court, therefore, will not comment on those matters.

THEREFORE, IT IS ORDERED that Plaintiff Lynn McGlenn's Objection to Defendant's Notice of Issuance of Subpoena in a Civil Case (d/e 79) is DENIED for lack of standing.

ENTER: October 14, 2020

                *s/ Tom Schanzle-Haskins*
                TOM SCHANZLE-HASKINS
                UNITED STATES MAGISTRATE JUDGE